IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHARLES F. BLIZZARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. No. 09-964-SLR |
| | ) | |
| MIKE DELOY, Warden, and | ) | |
| and ATTORNEY GENERAL OF | ) | |
| THE STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

Charles F. Blizzard. Pro se petitioner.

Paul R. Wallace, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

## MEMORANDUM OPINION

April 4, 2012
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Currently before the court is Charles F. Blizzard's ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I. 1) For the reasons that follow, the court will dismiss petitioner's § 2254 application as time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II. FACTUAL AND PROCEDURAL BACKGROUND

On the early morning of June 4, 1982, petitioner and his co-defendant, Ronnie E. Cordell ("Cordell"), beat Howard Marshall ("Marshall") until he was unconscious, and then took ten dollars in cash from his pocket. *State v. Blizzard*, 2008 WL 5206769, at *1 (Del. Super. Dec. 10, 2008). Petitioner and Cordell dragged Marshall to a nearby lot, covered him with a blanket and left him lying on the ground between several trashcans. Marshall sustained multiple broken bones in addition to fractures of the thyroid cartilage, which resulted in his death from asphyxia. *Id.*

Petitioner and Cordell were indicted in December 1983 on the charges of first degree murder ("felony murder"), first degree robbery, and second degree conspiracy. (D.I. 13 at 1) The defendants were tried together before a jury and were convicted of all charges on March 14, 1984. Although the jury unanimously found the statutory aggravating circumstance "that the murder was committed while the defendants were engaged in the commission of a robbery," petitioner and Cordell each received a jury recommendation for life sentences rather than the death penalty. *Id.* On September 14, 1984, the Superior Court sentenced petitioner to life without probation or parole on the felony murder conviction and to an additional five years at Level V on the remaining

convictions. The Delaware Supreme Court affirmed petitioner's convictions and sentences on direct appeal. *Blizzard v. State*, 513 A.2d 1318 (Table), 1986 WL 17131 (Del. July 28, 1986).

On February 26, 2008, petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), alleging that his felony murder conviction should be vacated under Rule 61(i)(5) because there was insufficient evidence that the victim was murdered "in furtherance of" the robbery as required by the Delaware Supreme Court's "reinterpretation" of the felony murder statute in *Williams v. State*, 818 A.2d 906 (Del. 2002), and made retroactively applicable to cases on collateral review in *Chao v. State*, 931 A.2d 1000 (Del. 2007) ("*Chao II*"). *See Blizzard v. State*, 984 A.2d 123 (Table), 2009 WL 3451914 (Del. Oct. 27, 2009). Reviewing the motion under Rule 61(i)(5), the Superior Court denied the motion as meritless. *See Blizzard*, 2008 WL 5206769. The Delaware Supreme Court affirmed the Superior Court's decision on February 9, 2009. *See Blizzard*, 2009 WL 3451914.

Petitioner's pending § 2254 application, dated December 10, 2009, asserts that there is insufficient evidence to support his conviction for felony murder under the Delaware Supreme Court's "reinterpretation" of the "in furtherance of" language contained in the former felony murder statute, as set forth in *Williams* and made retroactively applicable in *Chao II*. (D.I. 1) More specifically, he contends that the murder did not help "move the robbery forward," an element explicitly required under *Williams*, because the robbery was an afterthought. The State filed an answer, asserting that the application should be denied as time-barred or, alternatively, as

procedurally barred. (D.I. 12) The application is ready for review.

## III. ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and it prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's § 2254 application, dated January 2009, is subject to the one-year limitations period contained in § 2244(d)(1). See Lindh v. Murphy, 521 U.S. 320, 336 (1997). Petitioner does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B). Although petitioner initially alleged that Williams announced a new rule of law for the purposes of Teague v. Lane, 489 U.S. 288, 301 (1989), thereby triggering a later starting date under § 2244(d)(1)(C), petitioner's traverse concedes that the exception of § 2244(d)(1)(C) is inapplicable to his case.[1]

---

[1]The Williams rule was announced by the Delaware Supreme Court with respect to state law, not a newly recognized federal constitutional right made retroactively

3

Moreover, to the extent petitioner's argument is that *Chao II* provides the "factual predicate" for his insufficient evidence claim because it made the *Williams* holding retroactively applicable, thereby providing a later starting date of June 22, 2007 under § 2244(d)(1)(D), the contention is unavailing. *Chao II* and *Williams* cannot establish a factual predicate for petitioner's constitutional claim, because they were not decisions rendered in petitioner's own litigation history and they did not directly eliminate his legal status as a convict. *See Johnson v. United States,* 544 U.S. 295 (2005)(holding that a notice of order vacating a federal prisoner's prior state conviction used to enhance federal sentence triggers AEDPA's one year limitations period, provided petitioner has shown due diligence in seeking the order); *Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005)(explaining that a state court decision clarifying or re-defining state law does not trigger § 2244(d)(1)(D) unless the petitioner was party to that case.). Thus, the one-year period of limitations in this case began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final ninety days after the state appellate court's decision. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). However, state prisoners whose convictions became final prior to AEDPA's effective date of April 24, 1996 have a one-year grace period for timely filing their habeas

---

applicable on collateral review by the United States Supreme Court.

4

applications, thereby extending the filing period through April 23, 1997.[2] *See McAleese v. Brennan*, 483 F.3d 206, 213 (3d Cir. 2007).

In this case, petitioner had until April 23, 1997 to timely file his application because his conviction became final in 1986,[3] well before AEDPA's effective date. Petitioner, however, did not file the application until December 10, 2009.[4] Therefore, the application is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled. *See Holland v. Florida*, ___ U.S. ___, 130 S.Ct. 2549, 2560 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2)(statutory tolling). The court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts,

---

[2] Many federal circuit courts have held that the one-year grace period for petitioners whose convictions became final prior to the enactment of AEDPA ends on April 24, 1997, not April 23, 1997. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001)(collecting cases). Although the Third Circuit has noted that "[a]rguably we should have used April 24, 1997, rather than April 23, 1997, as the cut-off date," *Douglas*, 359 F.3d at 261 n.5 (citing Fed. R. Civ. P. 6(d)), it appears that April 23, 1997 is still the relevant cut-off date in this circuit. The one-day difference is immaterial in this case because petitioner filed his application well-past either cut-off date.

[3] The Delaware Supreme Court affirmed petitioner's convictions and sentences on July 28, 1986, and he did not seek certiorari review. Thus, petitioner's convictions and sentences became final ninety days later, on October 27, 1986.

[4] Pursuant to the prison mailbox rule, a pro se prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the application is filed in the court. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003); *Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002)(date on petition is presumptive date of mailing and, thus, of filing). The court adopts December 10, 2009 as the filing date because that is the date indicated in petitioner's certificate of mailing.

including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. See Swartz v. Meyers, 204 F.3d 417, 424-25 (3d Cir. 2000); Price v. Taylor, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). In this case, petitioner filed his Rule 61 motion for post-conviction relief on February 26, 2008, long after the expiration of AEDPA's limitations period. Therefore, the application is time-barred unless equitable tolling applies.

### B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, **and** (2) some extraordinary circumstance stood in his way and prevented timely filing." Holland, 130 S.Ct. at 2562 (emphasis added). Equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. Id.; Miller v. New Jersey State Dept. of Corr., 145 F.3d 616, 618-19 (3d Cir. 1998). Consistent with these principles, the Third Circuit has explained that equitable tolling of AEDPA's limitations period may be appropriate in the following circumstances:

(1) where the defendant actively misled the plaintiff;
(2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones, 195 F.3d at 159.

Petitioner appears to assert that the limitations period should be equitably tolled through June 20, 2007, the date on which the Delaware Supreme Court issued its decision in Chao II. The court is not persuaded. Although it would have been impossible for petitioner to cite Chao II and Williams prior to the issuance of those

6

decisions, nothing prevented petitioner from presenting his argument that there was insufficient evidence to show that the murder of Howard Marshall was committed "in furtherance of" the robbery prior to the issuance of those decisions. Significantly, when petitioner was convicted in 1984, *Weick v. State*, 420 A.2d 159 (Del. 1980), provided the applicable precedent regarding the requirements of the felony murder statute, namely, that a defendant could only be found guilty of felony murder if the defendant, or his accomplices, committed the murder **and** the murder was committed in "furtherance of" the commission or attempted commission of the felony. *Id.* at 162 (emphasis added). The *Williams* decision merely reaffirmed the *Weick* requirements[5] that a defendant or his accomplices must have committed the killing during the course of the felony **and** that the murder "help[ed] to move the felony forward."[6] *See Comer v. State*,

---

[5] *See Williams*, 818 A.2d at 913 (citing *Weick*, 420 A.2d at 162).

[6] In *Comer*, the Delaware Supreme Court summarized the statutory requirements for felony murder under *Williams* and *Weick* as follows:

> We examined the felony murder statute more recently in *Williams v. State*. In that case, we explained that *Weick* imposed two separate limitations on felony murder: (1) that there be a causal connection between the felony and the murder; and (2) that the felon, or his accomplices, if any, perform the actual killing. But, we noted that in an intervening decision, *Chao v. State* ["*Chao I*"], we had held that for felony murder liability to attach, a killing need only accompany the commission of an underlying felony. Thus, [according to *Chao I*,] if the "in furtherance" language has any limiting effect, it is solely to require that the killing be done by the felon, him or herself.
>
> After analyzing [the felony murder statute], we concluded, in *Williams*, that the "in furtherance of" language not only requires that murder occur during the course of the felony, but also that the murder occur to facilitate commission of the felony. Thus, in *Williams*, we overruled *Chao I*, but retained the agency theory of felony murder we adopted in *Weick*, namely, that the felony murder language requires not only that the defendant or his accomplices if any commit the killing but also that the murder helps to move the felony forward.

7

977 A.2d 334, 340 (Del. 2009). Thus, neither *Williams* nor *Chao II* constitute an "extraordinary circumstance" for equitable tolling purposes, because petitioner's argument regarding the meaning of the "in furtherance of" language in the former felony murder statute has been available to him all along.

In turn, petitioner has not demonstrated that he exercised the level of diligence needed to trigger equitable tolling; despite the availability of his instant insufficient evidence argument, petitioner waited more than twenty-one years to raise it to the Delaware state courts. And, to the extent petitioner's untimely filing was the result of a miscalculation regarding the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004).

For all of these reasons, the court concludes that the doctrine of equitable tolling is not available to petitioner on the facts he has presented. Accordingly, the court will dismiss the petition as time-barred.[7]

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims

---

*Comer*, 977 A.2d at 339-40.

[7]The court's conclusion that the instant application is time-barred obviates the need to discuss the State's alternative reason for denying the application.

debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

The court has concluded that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is time-barred. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.